UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL No. 58, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 4:14CV01702 AGF |
| SUTTON PAINTING, LLC, and SHEILA SUTTON, | ) ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' motion for default judgment. Plaintiffs filed this action to obtain an accounting of Defendants' financial records and to recover unpaid delinquent contributions owed to Plaintiffs, employee benefit funds, pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 185 & 1132. Plaintiffs are the union and trustees of various employee benefit plans.

Plaintiffs filed the action on October 6, 2014, against Sutton Painting, LLC, and Shelia Sutton. The claims against Sheila Sutton, the organizer and principal of Sutton Painting, LLC, were based upon a personal guarantee she signed with the union agreeing to be held personally liable for any delinquent or unpaid deductions to Plaintiffs, including assessed damages and costs. Defendants were served with the summons and complaint on October 29, 2015. Neither Defendant filed an answer or responsive

pleading in the time permitted, and on November 25, 2014, the Clerk of Court entered default as to both Defendants.

In their motion for default judgment, Plaintiffs seek judgment against Defendants, jointly and severally, in the amounts of $7,680.15 for delinquent contributions covering the period of September 1, 2013, through December 31, 2014; $1,775.67 in liquidated damages and pre-judgment interest between the weeks of June 28, 2014, and August 23, 2014; $1,128.62 in attorneys' fees; and $609.98 in court costs. Plaintiffs have provided documentation supporting their assertion that they are owed these amounts.

"Where default has been entered, the allegations of the complaint, except as to the amount of damages are taken as true." *Carpenters' Dist. Council of Greater St. Louis & Vicinity v. Hard Rock Foundations, LLC*, No. 4:13CV01549 AGF, 2013 WL 6037097, at *2 (E.D. Mo. Nov. 14, 2013) (citation omitted). "In determining the amount of damages for a default judgment in an ERISA case brought by a plan against an employer, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Painters Dist. Council 2 v. Grau Contracting, Inc.*, No. 4:10CV02339 AGF, 2012 WL 2848708, at *1 (E.D. Mo. July 11, 2012) (citation omitted). A plaintiff is entitled to recover all of the principal contributions owed pursuant to the payroll examination, plus liquidated damages totaling twenty percent of the delinquency, interest, attorneys' fees, and costs. 29 U.S.C. § 1132(g)(2)(E). Damages must be proven by a preponderance of the evidence. *Iron Workers St. Louis Dist. v. Arrow Fence, Inc.*, No. 4:11CV02019 AGF, 2013 WL 991658, at *2 (E.D. Mo. Mar. 13, 2013).

Upon review of the record,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for default judgment is **GRANTED**.

A separate Judgment showing Defendants' joint and several liability in the amount of $11,194.42 shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of June, 2015.